IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD W. CRIST, JR.,

                Plaintiff,                Case No. 3:08 CV 501

   -vs-

                                        MEMORANDUM OPINION

DARRELL PUGIN, et c., et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the defendants' motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 20, 24, 26.) The defendants argue that the plaintiff's claims of false imprisonment and intentional infliction of emotional distressed should be dismissed on the grounds that the statute of limitations for each has expired, and that the plaintiff's negligence claim is barred by Ohio's sovereign immunity statute, Ohio Rev. Code § 2744.01. The Court agrees with the defendants on these counts.

**I. Background**

On February 14, 2006, Plaintiff Edward Crist left his home for a brief period of time, and upon his return found his home surrounded by emergency vehicles. As he exited his car, he was involved in an altercation with the defendant police officers named in the present case. Crist filed this lawsuit in the Allen County Court of Common Pleas on February 13, 2008. On February 28, 2008, the case was removed to this Unites States District Court for the Northern District of Ohio.

**II. Standard of Review**

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable to a motion made pursuant to rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To warrant dismissal, "it [must] appear[ ] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir.2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true." Thurman v. Pfizer, Inc., 484 F.3d 855 (6th Cir.2007). However, it is unnecessary for the court to "accept as true legal conclusions or unwarranted factual inferences ." Kottmyer, 436 F.3d at 688 (citing Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir.2000)).

**III. Discussion**

**A. Plaintiff's Second Claim: False Imprisonment/False Arrest**

The second claim in Plaintiff's complaint is styled as "false imprisonment/false arrest". Doc. 1, Att. 1 at 4. The Ohio Supreme Court has adopted the position that false imprisonment and false arrest are indistinguishable as causes of action . *See Rogers v. Barbera*, 170 Ohio St. 241, 243 (1960); *see also Brothers v. County of Summitt*, 2007 WL 1567662 at *25 (N.D. Ohio). Accordingly, the one year statute of limitations set out in Ohio Rev. Code § 2305.11 applies to false arrest as well as false imprisonment. *See Mayes v. City of Colombus*, 105 Ohio App.3d 728, 746. (1995) ("False arrest includes false imprisonment; therefore, the one-year statute of limitations provided in the above-referenced statute applies.") (internal quotations omitted).

Ohio courts have held that a cause of action for false arrest accrues on the date of the arrest. *See Petty v. Kroger Food and Pharmacy*, 2007 WL 2800378, *4 (Ohio Ct. App.) (upholding a state trial court's determination that the cause of action for false arrest accrues on the date of the arrest). The record shows that Plaintiff filed this lawsuit days less than two years after his cause of action accrued; nearly one year after the statute of limitations for this claim had expired. Furthermore, in Plaintiff's memorandum in opposition to judgment on the pleadings, Crist does not contest that his false imprisonment claim should be dismissed.

Having been filed nearly a year after the applicable statute of limitations had expired, as a matter of law, Plaintiff's claim for false imprisonment is hereby dismissed.

### B. Plaintiff's Third Claim: Negligence

Plaintiff next claims that police acted negligently in failing to guard against an unreasonable risk of harm to the plaintiff. The complaint makes clear that the cause of action being pled is negligence. Crist states that Defendants "breached [a] duty owed to the Plaintiff, Edward Crist, Jr." Doc. 1, Att. 1 at ¶ 34. The complaint further states that Defendants' "breach of that duty was the actual and proximate cause of the Plaintiff, Edward Crist, Jr.'s injuries." *Id.* at ¶ 35. Defendants' response is that Ohio's sovereign immunity statute bars Crist's negligence claim.

The Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.01, states in relevant part that

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability.
> ...

3

>> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division..., the employee is immune from liability unless one of the following applies:
>
> ...
>
>> (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner...

Ohio Rev. Code §§ 2744.03.

Both statutory and common law have established that negligence is insufficient to establish liability on the part of governmental employees engaged in their duties. "When engaged in governmental functions, such employees are immune from tort liability unless they act with malicious purpose, in bad faith, or in a wanton or reckless manner." *Feathers v. Aey*, 196 F.Supp.2d 530, 542 (N.D. Ohio 2002) (holding that defendant police offers were protected by Ohio's sovereign immunity statute because defendant did not act with malice, bad faith, or in a wanton or reckless manner) (rev'd on other grounds).

Plaintiff's complaint alleges only negligence; not the maliciousness, bad faith, or the wanton and reckless manner required to breach the immunity provided by the statute. *See Kelly v. Sulfsted*, 2008 WL 886140 at *4 (S.D. Ohio, 2008) ("A finding of malice, bad faith, or recklessness requires something more than negligence or gross negligence.") (citing *Jones v. City of Cincinnatti*, 2006 WL 2987820 (S.D. Ohio, 2006)).

In his memorandum in opposition to Defendants' motion for judgment on the pleadings, Plaintiff attempts to introduce two new arguments: that Defendants were acting outside their official capacity, and that Defendants' acts or omissions were "with malicious purpose, in bad faith, or in a wanton or reckless manner." Doc. 27 at 2. Plaintiff did not raise these allegations in his original complaint, and has not requested leave to amend his complaint to include these

4

allegations pursuant to Federal Rule of Civil Procedure 15. As these allegations were not raised at the proper time, the Court will not consider them now.

Plaintiff's allegation of negligence is, as a matter of law, insufficient to overcome the limited immunity statutorily granted the defendants. For the forgoing reasons, plaintiff's third claim is rejected.

### C. Plaintiff's Fourth Claim: Intentional Infliction of Emotional Distress

Plaintiff's fourth claim is for the intentional infliction of emotional distress, which plaintiff claims arose from the defendant officers' actions and the physical altercation. Defedants challenge that the statute of limitations for a claim of intentional emotional distress has expired, and Plaintiff is barred from bringing this cause of action.

The statute of limitations which applies to the intentional infliction of emotional distress can vary depending on the type of action which gives rise to the claim. "Generally, the applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. However, when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress." *Stafford v. Clever Investigations Corp.*, 2007 WL 2800333, *2 (Ohio Ct. App.).

Here, Plaintiff has alleged that the acts underlying his claim for intentional infliction of emotional distress support two other torts: false imprisonment and negligence. The Ohio Supreme court has stated that "in determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (Ohio 1984).

Here, there is no question that the claim for intentional infliction of emotional distress arises out of the physical altercation between the defendants and the plaintiff. Accordingly, the statute of limitations for false imprisonment applies to this emotional distress claim. Pursuant to Ohio Rev. Code § 2305.11, the statute of limitations for false imprisonment is one year. The present case was filed just short of two years after the cause of action accrued, and therefore, a claim of intentional infliction of emotional distress arising out of false imprisonment is barred by the statute of limitations.

**IV. Conclusion**

For the forgoing reasons, the defendants' motions for judgment on the pleadings are granted, and the plaintiff's second, third, and fourth claims are hereby dismissed as to all defendants. (Doc. 20, 24, 26.)

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT